# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANSILEEN J. WASHINGTON,
          Appellant,

      v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
CH-0752-16-0387-I-1

DATE: May 26, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Glenn L. Smith</u>, Esquire, Grand Rapids, Michigan, for the appellant.

<u>Nikolai G. Guerra</u>, Chicago, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which sustained her demotion from an EAS-22 Manager of Customer Service position to an EAS-17 Supervisor of Customer Service position based on her failure to discharge her duties resulting in the delay of certified and registered mail. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    In her petition for review, the appellant alleges that, among other things, the administrative judge made several factual errors in the initial decision as to what constitutes delay of the mail and the administrative judge misinterpreted the charge.  The appellant additionally asserts that the agency failed to identify the specific duties that she failed to discharge and that resulted in the delay of the mail.  Petition for Review (PFR) File, Tab 3 at 5-12.  The appellant further asserts that the administrative judge erred in finding that the deciding official properly relied on prior disciplinary actions, which the appellant contends had expired and should have been removed from her official record.  *Id.* at 13-21. Finally, the appellant argues that the penalty was not within the bounds of reasonableness.  *Id.* at 13, 21-24.

¶3    Although her language could have been more precise, it is clear that regarding delay of the mail, the administrative judge relied on the date that certified mail was dispatched from the facility the appellant managed and not the

date that the postal customer received the certified mail, which requires the recipient's signature and therefore could be received several days after the mail was dispatched and delivery attempted. Initial Appeal File (IAF), Tab 55, Initial Decision (ID) at 6. The agency charged the appellant with failure to discharge duties resulting in the delay of mail, and, contrary to the appellant's argument, there is no basis for considering the charge as one of negligent supervision. PFR File, Tab 3 at 7; *see Rodriguez v. Department of Homeland Security*, 117 M.S.P.R. 188, ¶ 8 (2011) (stating that the Board will not sustain an agency action on the basis of charges that could have been brought but were not). While the appellant argues that it was her subordinates who failed to timely move the mail and that she took corrective steps when the delays were brought to her attention, the administrative judge correctly found that the evidence shows that the appellant failed to discharge her managerial responsibilities resulting in a delay of the mail. PFR File, Tab 3 at 11-12; ID at 11. In sum, we discern no error in the administrative judge's well-reasoned findings that the agency proved the charged misconduct, and there is no basis to disturb the initial decision in this regard. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶4      In demoting the appellant in the first part of 2016, the agency considered a 2014 letter of warning in lieu of a 7-day suspension and a 2014 letter of warning in lieu of a 14-day suspension. IAF, Tab 5 at 34-39, 94-97. The appellant argues that, under the U.S. Postal Service's Employee and Labor Relations Manual (ELM), at the time the agency issued its decision demoting her, both of the prior suspensions had expired based on the passage of time, should therefore have been removed from her official record, and should not have been considered in determining the penalty for the misconduct at issue in this appeal. PFR File,

Tab 3 at 13-21. The agency, in contrast, maintains that under the ELM the critical date in determining whether prior discipline can be considered in a subsequent disciplinary action is not the date of the decision in the subsequent action but the date of the proposal notice in the subsequent action.

¶5    In *Gose v. U.S. Postal Service*, 451 F.3d 831, 835-37 (Fed. Cir. 2006), the Board's reviewing court found that the U.S. Postal Service's interpretation of the ELM is entitled to deference. Based on our review of the ELM provisions at issue, including sections 651.62 and 651.66, we agree with the administrative judge's reasoning that the agency's interpretation of the ELM provision is correct and that it was proper to consider the prior discipline. ID at 13-14. Furthermore, the appellant's interpretation would, among other things, create a disincentive for the U.S. Postal Service to grant an employee an extension of time to respond to a notice of proposed disciplinary action, to take extra time to judiciously consider an employee's reply to a proposed action and consider various options, or to engage in pre-decisional mediation, as any delay might cause a prior disciplinary action cited in the proposal notice to expire. The agency's failure to grant the additional time for an employee to reply or to judiciously consider an employee's reply to a proposed action and consider various options could, however, expose the agency to claims of due process violations and harmful procedural error. A disincentive for the U.S. Postal Service to engage in pre-decision mediation would thwart the public policy interest in favor of settlement. *See, e.g.*, *Bruhn v. Department of Agriculture*, 124 M.S.P.R. 1, ¶ 19 (2016) (stating that last-chance settlement agreements, like settlement agreements generally, serve the important public policy of avoiding unnecessary litigation and encouraging fair and speedy resolution of issues).

¶6    Finally, regarding the penalty, the administrative judge correctly found that, when, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within the tolerable

limits of reasonableness.  ID at 18; *see Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 25 (2014).  We agree with the administrative judge that the agency properly considered the relevant factors in deciding on the demotion penalty.  ID at 18-23.  The penalty is within the tolerable limits of reasonableness.[2]

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[2] The appellant cites *U.S. Postal Service v. Gregory*, 534 U.S. 1 (2001), to support her interpretation of the ELM provisions.  PFR File, Tab 3 at 16-18.  The Court in *Gregory* held that an agency and the Board may consider an employee's past disciplinary record when setting a penalty for misconduct, even if it is the subject of a pending grievance. *Gregory*, 534 U.S. at 8-11.  *Gregory* does not address the issue of when a prior disciplinary action expires and is thus inapposite to this case.  The appellant also relies on a nonprededential Board case, *Sayjai v. U.S. Postal Service*, MSPB Docket No. SF-0752-11-0285-I-1, Final Order (Nov. 29, 2011), in support of her interpretation of the ELM.  PFR File, Tab 3 at 19-20.  Such decisions have no precedential value. 5 C.F.R. § 1201.117(c).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:           /s/ for
                         _____
                         Jennifer Everling
                         Acting Clerk of the Board
Washington, D.C.